IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JERMANE D. LOWE,**

        **Petitioner,**

    v.                            CASE NO.  08-3090-SAC

**JOHNNY GODDARD,**

        **Respondent.**

### O R D E R

This petition for writ of habeas corpus, 28 U.S.C. § 2254, was filed and the filing fee was paid by an inmate of the Ellsworth Correctional Facility, Ellsworth, Kansas. Mr. Lowe seeks to challenge his convictions by a jury in the District Court of Sedgwick County, Kansas, of felony murder and criminal discharge of a firearm. He was sentenced on March 29, 2002, to consecutive terms of life and 88 months. The Kansas Supreme Court affirmed his conviction on December 19, 2003. State v. Lowe, 276 Kan. 957, 80 P.3d 1156 (Kan. 2003).

According to petitioner, on September 24, 2004, he filed a petition for post-conviction relief under K.S.A. § 60-1507, which was denied. The denial was affirmed on appeal by the Kansas Court of Appeals. Lowe v. State of Kansas, 143 P.3d 421, 2006 WL 2864741 (Kan.App. Oct. 6, 2006). A Petition for Review was denied on February 13, 2007.

On March 14, 2005, petitioner initiated another action in Sedgwick County District Court, which was summarily dismissed on April 28, 2005. Petitioner appealed the denial to the KCOA, and on August 17, 2007, the KCOA issued an unpublished opinion affirming the denial. State of Kansas v. Lowe, 2007 WL 2377138, 164 P.3d 850

(Kan.App. Aug. 17, 2007)(Table). A Petition for Review was denied by the Kansas Supreme Court on November 6, 2007 (Appellate Case No. 96547).

Mr. Lowe raises the following claims in his federal Petition: (1) evidence of gang affiliation was improperly admitted at trial, (2) the court erred in failing to give an instruction relating to informant testimony, (3) there was no evidence of guilt, (4) cumulative error denied him a fair trial, (5)(6) "State's position" that the issue of gang evidence was waived due to defense counsel's failure to object at trial is either erroneous or evidence of ineffective assistance of counsel, and (7) the court violated the fruit of the poisonous tree doctrine by allowing evidence that sprung from inculpatory statements by a Mr. Walker, which were found to have violated Walker's Miranda rights.

Petitioner alleges that he has fully exhausted all issues raised in this Petition. The court tentatively finds that petitioner's conviction became "final" on or about March 19, 2004, so that the statute of limitations began to run on or around March 20, 2004. It ran for approximately six months before petitioner filed his first 1507 action, and appears to have thereafter been continuously tolled by his two pending 1507 actions and appeals, until the last was concluded on November 6, 2007. The instant federal Petition was executed on March 24, 2008, and appears to be timely.

Having examined the materials filed in this case, the court finds:

1. Petitioner is presently a prisoner in the custody of the State of Kansas; and

2

2.   petitioner demands his release from such custody, and as grounds therefore alleges that he is being deprived of his liberty in violation of his rights under the Constitution of the United States, and he claims that he has exhausted all remedies afforded by the courts of the State of Kansas.

The court concludes a response to the Petition is required.

**IT IS THEREFORE ORDERED THAT**:

1.  Respondents herein are hereby required to show cause within twenty (20) days from the date of this order why the writ should not be granted.

2.  The response should present:

   (a)  the necessity for an evidentiary hearing on each of the grounds alleged in petitioner's pleadings; and

   (b)  an analysis of each of said grounds and any cases and supporting documents relied upon by respondents in opposition to the same.

3.  Respondents shall cause to be forwarded to this court for examination and review the following:

   the records and transcripts, if available, of the criminal proceedings complained of by petitioner, if a direct appeal of the judgment and sentence of the trial court was taken by petitioner, respondents shall furnish the records, or copies thereof, of the appeal proceedings.

Upon termination of the proceedings herein, the clerk of this court will return to the clerk of the proper state court all such state court records and transcripts.

4.  The petitioner is granted ten (10) days after receipt by him of a copy of the respondents' answer and return to file a

3

traverse thereto, admitting or denying under oath all factual allegations therein contained.

5. The clerk of this court then return this file to the undersigned judge for such other and further proceedings as may be appropriate; and that the clerk of this court transmit copies of this order to petitioner and to the office of the Attorney General for the State of Kansas.

**IT IS SO ORDERED**.

Dated this 3rd day of April, 2008, at Topeka, Kansas.

<u>s/Sam A. Crow</u>
U. S. Senior District Judge